ORIGINAL

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2005 APR 15  PM 2: 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Civil action No. 96-484 JJF |
| Plaintiff, ) | |
| ) | REQUEST FOR |
| v. ) | INTERROGATORIES |
| ) | |
| DAVID H. DONOVAN, ) | |
| Defendant, ) | |
| ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

COMES NOW, David H. Donovan in his private capacity before this honorable Court and requests these interrogatories as per F.R.C.P. Rule 26 (a) & (b)(1) be responded to in writing with specificity. Interrogatories are as follows:

1. Has the State or Federal government purchased or condemned the property, which is the subject of the above captioned case, by legal process in accordance with the law?

2. Further, has the Donovan land, which is the subject of the above captioned case, been ceded by the State of Delaware to the United States government in accordance with the requirements of the United States Code Title __40__  __sec 255__.

3. Further, has the government any proof that the Donovan land, which is the subject of the above captioned case, is not the private property of Donovan and that he is not the bonified purchaser for value of said land property?

4. Further, has the government acquired a deed to the Donovan land, which is the subject of the above captioned case, in the name of any part of the government, which would make said land a Federal land?

5. Further, does the legal definition of Federal wetlands include privately held lands in any way?

6. Further, does the Army Corp of Engineers, the primary agency of the government involved in the above captioned case or the U.S. Attorney, the secondary agency of the government involved in the above captioned case, have any delegated authority explicitly defined in the statutes by Congress or limited by delegated legislation properly exercised through the rule-making power of the secretary of either of the above mentioned agencies to apply Federal wetlands and the Federal Clean Water Act to the privately held lands owned by a private citizen or person?

7. Further, has either of the above mentioned agencies of the Federal government involved in the above captioned case, before undertaking this action against Donovan and his private property submitted any internal deliberative documents to the Director of the Office of Management and Budget that are required as follows:

   (1) Identify clearly, with as much specificity as possible, the public health or safety risk created by the private property use that is the subject of the proposed action;

   (2) Establish that such proposed action substantially advances the purpose of protecting public health and safety against the specifically identified risk;

   (3) Establish to the extent possible that the restrictions imposed on the private property are not disproportionate to the extent to which the use contributes to the overall risk; and

   (4) Estimate, to the extent possible, the potential cost to the government in the event that a court later determines that the action constituted a taking; and are in accordance with Executive Order No. 12630: Government actions and

interference with constitutionally protected property rights, 3 C.F.R. 554 enclosed herewith for your convenience.

CONCLUSION: Written answers to these interrogatories in a responsive manner with specificity must be delivered to Donovan and the Court within 30 (thirty) days from the date of the Certificate of Service or a Motion to Compel will follow the 30 (thirty) day limit.

Autograph *David H. Donovan*
Title 28 USC Sect. 1741(1)

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on _4 - 15_ 2005, I delivered by _____ copies of the REQUEST FOR INTERROGATORIES to the Clerk of the United States District Court for the District of Delaware.

Autograph *David H. Donovan*
Title 28 USC Sect. 1741(1)

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>DAVID H. DONOVAN,<br>　　　　Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil action No. 96-484<br><br>REQUEST FOR PRODUCTION<br>OF DOCUMENTS AND THINGS |

\* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW, David H. Donovan in his private capacity before this honorable Court and requests this REQUEST FOR PRODUCTION OF DUCOMENTS AND THINGS as per F.R.C.P. Rule 26 (a) & (b)(1) be responded to in writing with specificity. Requests are as follows:

1. Has the State or Federal government purchased or condemned the property, which is the subject of the above captioned case, by legal process in accordance with the law? Provide any documents related to purchase or condemnation.

2. Further, has the Donovan land, which is the subject of the above captioned case, been ceded by the State of Delaware to the United States government in accordance with the requirements of the United States Code Title _40　Sec 255_. Provide any documents signed by the Governor of the State of Delaware.

3. Further, has the government any proof that the Donovan land, which is the subject of the above captioned case, is not the private property of Donovan and that he is not the bonified purchaser for value of said land property? Provide any documents in possession that would constitute proof.

4. Further, has the government acquired a deed to the Donovan land, which is the subject of the above captioned case, in the name of any part of the government, which would make said land a Federal land? Provide any document in possession or advise as to its location.

5. Further, does the legal definition of Federal wetlands include privately held lands in any way? Provide any documentation available.

6. Further, does the Army Corp of Engineers, the primary agency of the government involved in the above captioned case or the U.S. Attorney, the secondary agency of the government involved in the above captioned case, have any delegated authority explicitly defined in the statutes by Congress or limited by delegated legislation properly exercised through the rule-making power of the secretary of either of the above mentioned agencies to apply Federal wetlands and the Federal Clean Water Act to the privately held lands owned by a private citizen or person? Provide any documentation available.

7. Further, has either of the above mentioned agencies of the Federal government involved in the above captioned case, before undertaking this action against Donovan and his private property submitted any internal deliberative documents to the Director of the Office of Management and Budget that are required as follows:

   (1) Identify clearly, with as much specificity as possible, the public health or safety risk created by the private property use that is the subject of the proposed action;

   (2) Establish that such proposed action substantially advances the purpose of protecting public health and safety against the specifically identified risk;

(3) Establish to the extent possible that the restrictions imposed on the private property are not disproportionate to the extent to which the use contributes to the overall risk; and

(4) Estimate, to the extent possible, the potential cost to the government in the event that a court later determines that the action constituted a taking; and are in accordance with Executive Order No. 12630: Government actions and interference with constitutionally protected property rights, 3 C.F.R. 554 enclosed herein for your convenience.

CONCLUSION: Any and all documents or other things in a responsive manner with specificity must be delivered to Donovan and the Court within 30 (thirty) days from the date of the Certificate of Service or a Motion to Compel will follow the 30 (thirty) day limit.

Autograph _David H. Donovan_
Title 28 USC Sect. 1741(1)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on    4 - 15    2005, I delivered by           copies of the REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS to the Clerk of the United States District Court for the District of Delaware.

Autograph _David H. Donovan_
Title 28 USC Sect. 1741(1)

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Civil action No. 96-484 |
| Plaintiff,  ) | |
| ) | SUGGESTED SCHEDULE |
| v.  ) | |
| ) | |
| DAVID H. DONOVAN,  ) | |
| Defendant,  ) | |
| ) | |

\* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW, David H. Donovan in his private capacity before this honorable Court and respectfully suggest that a schedule for trial be as follows:

1. All discovery and motions be completed within 90 (ninety) days from April 15, 2005, date this suggested schedule was required to be filed.

2. Trial be set by the Court on a date as close as is compatible with the Court's opening on or soon after July 15, 2005.

Autograph *David H. Donovan*
Title 28 USC Sect. 1741(1)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on  4-15-  2005, I delivered by          copies of the SUGGESTED SCHEDULE to the Clerk of the United States District Court for the District of Delaware.

Autograph *David H. Donovan*
Title 28 USC Sect. 1741(1)

    I hereby certify that on April , 15  2005, I sent to Patrica Hannigan  assistant United States Attorney,  District of DE. At j 1201 Market Street, suite 1100 post office Box 2064 Wilmington, DE  19801 by U. S. Mail a copy of the foregoing motion

United States of America
    V
David H. Donovan

David Donovan