KELLY A. JOHNSON
Acting Assistant Attorney General

STEVEN E. RUSAK, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Post Office Box 23968
Washington, D.C. 20026-3986
(202) 514-9275

COLM F. CONNOLLY
UNITED STATES ATTORNEY

PATRICIA HANNIGAN
Assistant United States Attorney
District of Delaware
1201 Market Street, Suite 1100
Post Office Box 2046
Wilmington, DE 19801
Delaware Bar No. 2145
Tel: (302) 573-6277

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No. 96-484 JJF |
| ) | |
| Plaintiff, ) | PROPOSED RULE 16 |
| ) | SCHEDULING ORDER |
| v. ) | |
| ) | |
| DAVID H. DONOVAN, ) | |
| ) | |
| Defendant. ) | |

On March 24, 2005, the Court ordered the parties to confer and submit no later than April 15, 2005, a proposed Rule 16 scheduling order regarding the penalty and restoration phase of this Clean Water Act section 404 civil enforcement action. On April 4 and 6, 2005, Plaintiff United States conferred in good faith with Defendant

David H. Donovan by telephone regarding the proposed scheduling order. On April 6, Defendant, who is appearing pro se, stated that he "has no further discovery needs," does not intend to use any expert witnesses, and intends to oppose any penalty or restoration on the ground that the United States government lacks any authority to regulate his private property in any manner. Mr. Donovan is willing to discuss the possibility of settlement. The United States requests limited additional discovery, intends to utilize expert witnesses at trial, and is willing to explore the possibility of settlement with the assistance of a Magistrate Judge.

On April 7, 2005, the United States provided Defendant with a draft scheduling order by fax. On April 13, 2005, Defendant commented on the proposed schedule by fax. Defendant objected only to the United States' request in Paragraph 4(e) of the proposed scheduling order to inspect his property pursuant to Rule 34 of the Federal Rules of Civil Procedure. Defendant did not submit any other comments or objections to the proposed scheduling order. Accordingly, the United States submits the following proposed scheduling order to govern the penalty and restoration phase of this case.

IT IS SO ORDERED THAT:

1. **Pre-Discovery Disclosures**. In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, the United States filed its initial disclosures on August 7, 1998. David H. Donovan subsequently filed initial disclosures on February 19, 1999, which recited back, almost verbatim, the information contained in the United States' initial disclosures.

2. **Joinder of other Parties.** No additional parties shall be joined without leave of the Court.

3. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement. The parties are ordered to contact Magistrate Judge Thynge no later than May 15, 2005, to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4. **Discovery.** The Court previously set a discovery cutoff of December 30, 1999, in a scheduling order dated February 5, 1999. Limited additional discovery is permitted as follows:

(a) No additional interrogatories or document production shall be permitted.

(b) Maximum of 30 requests for admission by each party to any other party.

(d) No further depositions of fact witnesses shall be permitted without leave of the Court. Depositions of expert witnesses are permitted as set forth in paragraph 4(g).

(e) Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States requests that Defendant David H. Donovan be ordered to permit representatives of the United States Army Corps of Engineers to enter upon an approximately 4-acre parcel of land located directly east and adjacent to Route 13 north of Smyrna, Delaware, in New Castle County, which Defendant owns or

otherwise controls and is the subject of this civil enforcement action, for the purpose of inspecting, measuring, surveying, photographing, testing and sampling the property. The United States requests that the inspection take place between April 15, 2005 and June 15, 2005. As noted above, Defendant objects to a Rule 34 inspection.

(f)     Reports from retained experts required by Rule 26(a)(2) of the Federal Rules of Civil Procedure are due from the plaintiff by August 1, 2005; and from the defendant by August 29, 2005.

(g)     Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties.

5.     **Discovery Disputes.**

(a)     A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b)     All papers shall set forth in a plain and concise manner the issues(s) in dispute, the party's position on the issue(s) in dispute, and reasons for the party's position.

(c)     Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

6. **Amendment of the Pleadings.** No further amendment of the pleadings shall be allowed without leave of the Court.

7. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before October 29, 2005. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of Court. Dispositive motions filed after October 29, 2005, will not be considered by the Court.

8. **Application by Motion.**

(a) Any applications to the Court other than as provided in paragraph 5 shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b)    No facsimilie transmissions will be accepted.

    (c)    No telephone calls shall be made to Chambers.

    (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference and Trial.**    After reviewing the Proposed Scheduling Order, the Court will schedule a Pretrial Conference. The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days after the Pretrial Conference.

4/22/05
DATE

Joseph J. Farnan
UNITED STATES DISTRICT JUDGE