IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )    C. A. No. 96-484 (JJF)
DAVID H. DONOVAN,            )
                             )
        Defendant,           )

RECEIVED
DEC - 5 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## DEFENDANT'S PROPOSED PRETRIAL ORDER

This case was originated by the government in 1991 as a civil administrative enforcement action by government agency pursuant to the Clean Water Act (a federal statute) codified at 33 U.S.C. Section 1319 hereinafter referred to as (C.W.A.). The government hereinafter referred to as (gov.) brought the action against David H. Donovan, private citizen, and against his private property hereinafter referred to as Donovan, alleging discharging of pollutants into waters of the United States without a C.W.A. Section 404 permit. Since the commencement of the case, both parties have filed motions and cross motions, some activity occurring every 4 or 5 years. At one point and time the court granted the gov. summary judgement, but refused to give the gov. any remedy. In March 2004 the gov. again moved the court by motion for summary judgement for a remedy of penalties allowed under the C.W.A. Donovan countered with a motion for summary judgement in the form of a counterclaim raising the argument that from the beginning of this case the gov. conduct has been a taking of private property for the public government corporations use and self-serving benefit. In March of 2005 the court again denied the gov. any remedy of penalties and further ordered discovery, evidently directed at Donovan because the gov. had already used discovery several times to no avail about which they are still crying. Donovan did then send the gov. a request

1

for discovery asking the gov. whether or not they had complied with President Ronald Regan's executive order to ask the general accounting office to estimate the possible cost to the U.S. Treasury for the agency's invasion of the use and enjoyment of ones private property. Of course, there was no response to the discovery request just as there was no response to Donovan's motion for summary judgement in the form of a counterclaim. The question of the counterclaim is all that remains in this case. The pleading, which raised this issue, is the motion for summary judgement filed in March 2004 requesting declaratory and injunctive relief and for damages due to the taking of private property for public use without just compensation in violation of the due process clause of the 5th Amendment to the United States Constitution.

2. CONSTUTIONAL AND STATUTORY BASIS FOR FEDERAL JURISDICTION, TOGETHER WITH A STATEMENT OF FACTS SUPPORTING THIS COURTS JURISDICTION.

>1331 Federal question - Title 28 U.S.C. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"
>
>1346 United States as defendant - Title 28 U.S.C.
>(a) "The district courts shall have original jurisdiction, concurrent."
>(b) "Subject to the provisions of Chapter 171 of this title, the district courts, together with the . . . shall have exclusive jurisdiction of civil actions on claims against the United States for money damages accruing on or after Jan. 1, 1945 for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

This section also includes Section 931(a) of Title 28 U.S.C. relating to jurisdiction of the district courts in tort claims case and Section 41(20) relating to counterclaim and set-off, applicable to tort claims cases, all of Title 28, U.S.C., 1940 ed.

> Title 5 U.S.C. – The Administrative Procedures Act Section 601 thru 627
> In part most of the actions of federal administrative agencies constitute a Taking of private property for public use without just compensation. The Fifth Amendment substantive due process clause is self actuating, and the Invasion and interference with ones private use and enjoyment is a taking.
>
> The Fifth Amendment due process clause of the Constitution for the United States which is the law in the place where the wrongful acts took place. It States that: "Private property shall not be taken for public use without just Compensation.

The venue is proper in the District Court of Delaware pursuant to the Fifth Amendment to the Constitution for the United States and Title 5 U.S.C. Section 601 thru 627 and because the wrongful acts occurred on the private person and property located in the District of Delaware and all the events giving rise to the counterclaim occurred within the District of Delaware.

3. STATEMENT OF FACTS THAT ARE EVIDENT AND ARE DEFENDANT DONOVAN'S EVIDANCE OF THE GOVERNMENT'S TAKING OF HIS PRIVATE PROPERTY FOR THEIR SELF-SERVING USE.

   A. The gov. has repeatedly referred to Donovan as the owner of the subject property, admitting that it is a private property and not federally owned wet lands. I.D. record of the case.

   B. Donovan has repeatedly informed the gov. that the subject property is his private property and that the gov. has no authority over said property. I.D. record of the case.

   C. The gov. has continued to claim its authority under the C.W.A. over Donovan's private property. I.D. record of the case.

D. The gov. continues to contend that the placement of fill dirt in some of the low places on his land is a pollutant that will adversely affect navigable waters of the United States in violation of the C.W.A., but have never produced any test results showing that the fill dirt contained any of the pollutants listed in the C.W.A. were present. I.D. record of the case.

E. The gov. admits that the fill dirt was applied to land and not deposited in any water. I.D. record of the case.

F. The gov. has never shown that Donovan's land is adjacent to any navigable waters of the United States per the C.W.A. I.D. record of the case.

G. Donovan's private land property is in fact 11.75 miles from the Delaware Bay if that is, in fact, a navigable water of the United States within the meaning of the C.W.A. and there are many other privately owned subdivided properties between the Delaware Bay and the subject property. I.D. state deed records.

H. Donovan does not have the large sums of money as big corporations do to pay an exorbitant sum to lawyers to prove the lace of gov. authority over the subject property, but a big corporation in Illinois did prove that C.W.A. did not extend to intrastate waters or privately owned lands not adjacent to actually navigable waters. SEE Appendix A attached hereto for the convenience of the court. i.e. U.S. Supreme court severely narrows U.S. Army Corps of Engineer's jurisdiction.

4. STATEMENT OF THE ISSUES OF FACT AND LAW THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED

Defendant's statement of facts to be litigated:

4

   A. Whether the United States proposed wetland restoration plan is achievable as a matter of law.

   B. Whether Defendant's private land falls within the meaning of adjacent to navigable waters of the United States per the C.W.A.

   C. To what extent does the gov. owe just compensation to Defendant for invading and interfering with Defendant's use and enjoyment of his private property.

   D. To what extent would Defendant be entitled to additional compensation if the gov. is awarded civil penalties or any orders that will result in additional cost to Defendant Donovan.

   E. To what extent did (Plaintiff) the gov. attempt in good faith to apply the C.W.A. to Donovan and his private property.

   F. What effect does the seriousness of the gov. conduct in the taking of private property by invading and interfering with Donovan's private use and enjoyment and greatly decreasing his investment value expectations have on the United States treasury.

   G. To what extent is this entire case being used by the gov. to coerce Donovan to contract with the gov. by cooperating and accepting their offer of a permit.

5. DEFENDANT'S STATEMENT OF ISSUES OF LAW TO BE LITIGATED AND A CITATION OF AUTHORITIES RELIED UPON

   A. The form of relief to which Donovan is entitled for the taking of his private property by gov. without compensation.

   B. The use of coercion by gov. upon Donovan to promote a contract between the parties for the benefit of the gov. and to the detriment of Donovan.

5

    C. The total amount of compensation due Donovan for the gov.'s taking of his private property for public use and self-serving benefit. (citation of authorities from U.S. Supreme Court and U.S. Federal Court of Claims.)

6. DEFENDANT'S STATEMENT OF ISSUES OF FACT TO BE LITIGATED.

    A. Plaintiff's exhibits will be used to prove Donovan's claim of a taking.

    B. Plaintiff's expert witnesses will be used to prove the gov.'s misapplication of the C.W.A. on cross-examination.

7. BRIEF STATEMENT OF WHAT DEFENDANT INTENDA TO PROVE IN SUPPORT OF DEFENDANT'S COUNTERCLAIMS, INCLUDING THE DETAILS OF THE DAMAGES CLAIMED, AND OTHER RELEIF SOUGHT, AS OF THE DATE OF THIS PROPOSED ORDER

    A. That the court has been mislead by the gov. on the issues of law.

    B. That the gov. has fabricated facts not related to the C.W.A.

    C. That the gov. has interfered with Donovan's use and enjoyment of his private property for over 14 years.

    D. That Donovan's lands are not wetlands within the meaning of the C.W.A.

    E. That Donovan's lands are not adjacent to navigable waters of the United States as defined in the C.W.A.

    F. That all the gov.'s pleadings have been sham pleadings.

    G. That the gov.'s actions are wrongful acts constituting a taking of Donovan's private property for public use with just compensation in violation of the due process clause of the Fifth Amendment.

COMMENTS:

Plaintiff "the gov.'s" intentional act, egregious contempt for the law, misuse of the law, misleading of the courts in their pleadings abuse of process and attempts to coerce and intimidate private citizens into federal regulatory contracts together with the injury their illegal conduct continues to have on myself, my family and the community, demands a strong judicial response.

8. ANY OTHER MATTERS THAT THE PARTIES DEEM APPROPRIATE

Plaintiff (the gov.) has failed to responsively answer Defendant's motion for summary judgement in the form of a counterclaim and to answer Defendant's request for discovery submitted to the gov. in May 2005 as Donovan was ordered by the court to do in the courts March 2005 order.

Thus, Plaintiff has not met their obligations under the Federal Rules of Civil Procedure and the remedy phase of this case, for the taking, should be resolved on cross motions for summary judgement.

THIS ORDER should control the subsequent course of the actions unless modified by the court to prevent further manifest in justice.

Signed *david h. donovan*
David H. Donovan
517 Massey Church Road
Smyrna, DE 19977

I hereby certify that on Monday Dec. 5, 2005, I sent to Patrica Hannigan assistant United States Attorney, District of DE. By fax at 302 573 6220, and At 1201 Market Street, suite 1100 post office Box 2064 Wilmington, DE 19801 by U. S. Mail a copy of the foregoing motion

United States of America
    V
David H. Donovan

*david donovan*
David Donovan