IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 96-484 (JJF) |
| ) | |
| DAVID H. DONOVAN, ) | |
| ) | |
| Defendant, ) | |

FILED
FEB 1 6 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**MOTION FOR SUMMARY JUDGMENT ON THE FORM OF THE COUNTER COMPLAINT AND A PETITION FOR THE IMPOSITION OF THE PUBLIC TRUST AND FOR INJUNCTIVE RELIEF AND FOR DAMAGES FOR THE TAKING OF PRIVATE PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION**

COMES NOW, David H. Donovan in his private capacity and respectfully requests this Honorable Court to impose the public trust upon the Plaintiff. To further enjoin Plaintiff from the continuing interference in the Defendant's use and enjoyment of his private property for reasons of breach of the public trust and breach of fiduciary duty. To further grant the damages requested by Defendant for the taking of his private property for public use without just compensation in the motion for summary judgment in the form of a counter complaint and the points and authorities in support submitted to this Court in September of 2004 and included herein as though fully spelled out, as per Rule 56 of the Federal Rules of Civil Procedure and for the following reasons:

1

1. Plaintiff, United States of America, Inc., its agencies and agents and all privately owned corporations contracted to conduct the business of the United States, Inc., are public offices and officers holding positions of public trust and they all stand in a fiduciary relationship to the private citizens of America.

2. As fiduciaries and trustees of the public governments, they must conduct themselves and their business with the highest fidelity and above all they must display good faith, honesty and integrity.

3. Plaintiff's conduct, as it relates to this case, has not been in accordance with the above, but has been in bad faith and dishonest.

4. Plaintiff's own document labeled "Proposed Rule 16 Scheduling Order" dated April 7, 2005 at Sect. 4(e) (SEE Exhibit A) admits that the Defendant Donovan owns or otherwise controls approximately a four-acre parcel of land located directly east and adjacent to Route 13 north of Smyrna, Delaware, in New Castle County.

5. The property described in Paragraph 4 above is the private property of the Defendant and, as they said, is adjacent to Route 13 north of Smyrna, Delaware and is approximately 12 miles $\pm$ west of the Delaware Bay shoreline and certainly not adjacent to any navigable waters of the United States, even if the Delaware Bay falls within the Clean Water Act definitions of navigable waters of the United States. Their conduct amounts to a constructive fraud.

6. The Defendant, Donovan, is a private American citizen and a beneficiary of the public trust created by the contractual nature of the Constitution of the United States, Inc. This contractual nature and trust position is a confidential relationship which imposes a fiduciary duty upon all government officers and, in this case, the

misrepresentation and misapplication of the Clean Water Act breaches that fiduciary duty.

7. The taking of Defendant's private property for public use without just compensation by interfering with the use and enjoyment for all these years in violation of the due process clause of the Fifth Amendment of the Constitution of the United States, Inc. is a breach of the public trust and a breach of the fiduciary duty arising from the public trust as well as a breach of contract due to the contractual nature of the Constitution.

8. Plaintiff's failure to make a responsive answer to Defendant's MOTION FOR SUMMARY JUDGMENT dated September 2004, included herewith by reference, is an admission that the allegations and facts set forth in Defendant's motion in the form of a Rule 13 Federal Rules of Civil Procedure counter-complaint and also proper under Title 28 U.S.C. Sections 1331 and 1346(b) are all undisputed facts and Defendant's evidence of their breach of trust and breach of fiduciary duty and breach of contract.

9. In this case, a Fifth Amendment takings claim is ripe as per the requirements of an agency rendering a final decision by entering this case in this Court in 1996, and by Defendant's request for just compensation in the Defendant's MOTION FOR SUMMARY JUDGMENT filed with this Court in September 2004 in the form of a Rule 13 counter-complaint.

WHEREFORE:

Defendant respectfully requests this Honorable Court to combine Defendant's September 2004 with February 2006 motions for summary judgment and to grant the

Defendant the relief requested therein and to enjoin by order the Plaintiff to cease and desist such actions against Defendant's private property located intrastate and not adjacent to navigable waters of the United States and for all others similarly situated.

Autograph *David H Donovan*
David H. Donovan
517 Massey Church Road,
Smyrna, Delaware 19977