THOMAS L. SANSONETTI
ASSISTANT ATTORNEY GENERAL

STEVEN E. RUSAK, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Post Office Box 23968
Washington, D.C. 20026-3986
(202) 514-9275

DRAFT

COLM F. CONNOLLY
UNITED STATES ATTORNEY

PATRICIA HANNIGAN
Assistant United States Attorney
District of Delaware
1201 Market Street, Suite 1100
Post Office Box 2046
Wilmington, DE 19801
Delaware Bar No. 2145
Tel: (302) 573-6277

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 96-484 JJF |
| Plaintiff, | ) ) ) | PROPOSED RULE 16 SCHEDULING ORDER |
| v. | ) ) | |
| DAVID H. DONOVAN, Defendant. | ) ) ) | April 7, 2005 DRAFT |

On March 24, 2005, the Court ordered the parties to confer and submit no later than April 15, 2005, a Proposed Rule 16 Scheduling Order regarding the penalty and restoration phase of this Clean Water Act section 404 civil enforcement action. On April 4 and 6, 2005, Plaintiff United States conferred in good faith with Defendant David H. Donovan regarding the proposed scheduling order. Defendant, who is

appearing pro se, stated that he "has no further discovery needs," does not intend to use any expert witnesses, and intends to oppose any penalty or restoration on the ground that the United States government lacks any authority to regulate his private property in any manner. Mr. Donovan is willing to discuss the possibility of settlement. The United States requests limited additional discovery, intends to utilize expert witnesses at trial, and is willing to explore the possibility of settlement with the assistance of a Magistrate Judge. Accordingly, the parties submit the following proposed schedule to govern the penalty and restoration phase of this case.

IT IS SO ORDERED THAT:

1. **Pre-Discovery Disclosures**. In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, the United States filed its initial disclosures on August 7, 1998. David H. Donovan subsequently filed initial disclosures on February 19, 1999, which recited back, almost verbatim, the information contained in the United States' initial disclosures.

2. **Joinder of other Parties**. No additional parties shall be joined without leave of the Court.

3. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement. The parties are ordered to contact Magistrate Judge Thynge no later than May 15, 2005, to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4.  **Discovery.**  The Court previously set a discovery cutoff of December 30, 1999, in a scheduling order dated February 5, 1999. Limited additional discovery is permitted as follows:

(a) No additional interrogatories or document production shall be permitted.

(b) Maximum of 30 requests for admission by each party to any other party.

(d) No further depositions of fact witnesses shall be permitted without leave of the Court. Depositions of expert witnesses are permitted as set forth in paragraph 4(g).

NO (e) Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant David H. Donovan shall permit representatives of the United States Army Corps of Engineers to enter upon an approximately 4-acre parcel of land located directly east and adjacent to Route 13 north of Smyrna, Delaware, in New Castle County, which Defendant owns or otherwise controls and is the subject of this civil enforcement action, for the purpose of inspecting, measuring, surveying, photographing, testing and sampling the property. The inspection shall take place between April 15, 2005 and June 15, 2005.

(f) Reports from retained experts required by Rule 26(a)(2) of the Federal Rules of Civil Procedure are due from the plaintiff by August 1, 2005; and from the defendant by August 29, 2005.