IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C. A. No. 96-484 (JJF) |
| DAVID H. DONOVAN, | ) ) ) |
| Defendant, | ) |

**MOTION IN EQUITY TO SET ASIDE JUDGMENT
WITHOUT JURISDICTION**

FILED
FEB 1 6 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

COMES NOW, Defendant, David H. Donovan in his private capacity and respectfully requests this Honorable Court to set aside judgment without jurisdiction for the following reasons:

1. On or about the 2nd day of the month of October in the year 1966 in the United States District Court for the District of Delaware, an action was commenced entitled "UNITED STATES OF AMERICA v. DAVID H. DONOVAN". Said case had number 96-484 (JJF). Plaintiff herein was the Defendant in that matter and the Defendant herein was the Plaintiff in that matter.

2. On or about March 26, 2002, in said court, a judgment was rendered against this Plaintiff finding him guilty of placing fill dirt on 1.7 acres of his private 4 ± acres of land on the east side of Route 13 near Smyrna, Delaware. A copy of the judgment is attached hereto, marked Exhibit A-1 and incorporated herein.

3. Said judgment was, and at all times has been, and is now void and of no force and effect because the Army Corp of Engineers had no agency jurisdiction over the

Defendant's private property due to the constitutional protections of private property, SEE "The General Principles of Constitutional Law In The United States of America" by Thomas M. Cooley, chapter XVI, section 2 – Protection to Property, which is included herewith as Exhibit A-2. With all this being considered the agency lacking agency jurisdiction, it then concludes that the agency did not have standing to raise the jurisdiction of this Court. Because the agency could show no verifiable interest in the property, which is the subject of this case, and thus their filing of a complaint was a constructive fraud ex delicto. Their acts of constructive fraud are ex delicto due to their duties arising from the contractual nature of their constitution.

4. The Plaintiff, Donovan, has a meritorious defense to the action and still has a defense as follows:

   a. All parties to government are in a trust position with a fiduciary duty to act with the highest level of good faith, honesty and integrity at all times. This fiduciary duty arises from the contractual nature of the government's constitutions, which created the rights and limitations of governments as an agreement between themselves and the private people at large.

   b. This fiduciary duty imposed by law on all government agencies, agents and officers, no matter what form the government takes, includes but is not limited to procedural and substantive due process of law which requires the protection of fundamental principles of justice so rooted in the traditions and conscience of our nation that they must be held as fundamental law for the establishment and maintenance of our good government.

c. In keeping with a & b above, the "U.S. Supreme severely narrows U.S. Army Corps of Engineers' jurisdiction over waters of the United States". This is a FindLaw article dated 2001 included herein as Exhibit A-3. This article shows that the Army Corps of Engineers and their attorneys have perpetrated a constructive fraud upon the Plaintiff, herein Donovan, and a fraud upon this Court by their misapplication and misrepresentation of a statutory law of the United States for self-serving purposes. Plaintiff did not know of the Supreme Courts rulings in the above article, nor did he have any knowledge of the constructive fraud at the time of the entry of the judgment in this case until late in 2005, at which time he first learned of the case of the solid waste agency of Northern Cook County which would have stopped the judgment in the first place.

5. Plaintiff desires that said judgment be declared null and void and that the enforcement of the same be enjoined from any further validity or use by the government parties to this action, due to their breach of fiduciary duty.

WHEREFORE:

1. That the judgment dated March 26, 2002 in case number 96-484 (JJF) in the United States District Court for the District of Delaware be declared null and void for the above stated reasons.

2. That it be adjudged that the government had no standing to raise the jurisdiction of the Court upon its constructive fraud by misrepresenting and misapplying the statute referred to as the Clean Water Act, to intrastate waters and privately owned lands, and

that the Court had no jurisdiction over the government's complaint due to the government's lack of standing to sue and their constructive fraud.

3. That Defendant government be enjoined from enforcing said judgment or claiming any rights thereunder.

Autograph *David H. Donovan*
David H. Donovan
517 Massey Church Road
Smyrna, Delaware 19977

4