IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiffs, | : | Civil Action No. 96-484 |
| v. | : | |
| DAVID H. DONOVAN, | : | |
| Defendant. | : | |

### MEMORANDUM AND ORDER

Pending before the Court are two motions: 1) a Motion For Summary Judgment Under Section 404 Of The Clean Water Act (D.I. 46) filed by Plaintiff United States of America (hereinafter referred to as the "Government"), and 2) a Motion For Summary Judgment (D.I. 41) filed by Defendant David H. Donovan (hereinafter referred to as "Mr. Donovan"). For the reasons discussed, the Court will grant the Government's motion and deny Mr. Donovan's motion.

### BACKGROUND

1) The Court has determined the following relevant facts from a reading of Mr. Donovan's deposition and the briefs submitted by the parties.

2) This lawsuit concerns a parcel of approximately 3.967 acres of land located on Route 13 in New Castle County, Delaware near the town of Smyrna, Delaware.

3)  The subject property was purchased by Mr. Donovan and his wife, Regina V. Donovan, on September 29, 1982. The Donovans intended to erect a structure on the subject property to sell fruit.

4)  According to the Government, the property contained a substantial amount of forested wetlands.

5)  In August of 1987, a biologist employed by the United States Corps of Engineers (hereinafter referred to as "Corps"), Dan Kowal, inspected the property and concluded that the entire property contained wetlands and that approximately .74 acres of the wetlands had been recently filled.

6)  At the time of Mr. Kowal's inspection, a landowner was permitted to fill up to one acre of wetlands by right, pursuant to a nationwide permit, specifically Nationwide Permit 26, and therefore, no violation of federal law had occurred as of August 1987 with regard to Mr. Donovan's property.

7)  Apparently because Mr. Kowal determined that the filling activity was ongoing, Mr. Donovan was informed orally that he would need to submit a "predischarge notification" if he intended to fill over one acre of wetlands. A detailed explanation of a "predischarge notification" can be found at D.I. 47, page 2, footnote 1.

2

8) Mr. Kowal conducted additional site inspections of the property between August and October of 1987, performing several soil borings to determine the presence or absence of wetlands. Mr. Kowal found that wetlands were definitely located on the property. Technically, Mr. Kowal's testing revealed the presence of hydrophytic vegetation, hydric soils, and saturated soils.

9) Based on the test results, on December 3, 1987, Mr. Donovan was informed by telephone of the "predicharge notification" required to be submitted to the Corps, if he intended to fill more than one acre. Mr. Donovan responded that the Corps had no right to regulate activities on his property.

10) In January 1993, Kevin Faust, also a biologist for the Corps, detected recent filling activity at the property. Mr. Faust put a "Notice of Violation" on a bulldozer located on the property. The next day, Mr. Faust telephoned Mr. Donovan and advised him not to do further work until the noticed violation was resolved.

11) On January 29, 1993, Mr. Faust sent a written notice to Mr. Donovan informing him he had violated federal law.

12) On February 23, 1993, Mr. Faust again inspected the property and found that additional fill material had been placed in areas which previously contained wetlands. Mr. Faust then

3

took field measurements and concluded that approximately 1.771 acres of wetlands had been filled.

13) After further investigation through May of 1993, on July 13, 1993, the Corps ordered Mr. Donovan, in writing, to either remove .771 acres of fill, so as to be in compliance with the nationwide permit, or to submit a predischarge notification to maintain the .771 acres with the fill material. The Corps sent additional notices on July 25 and September 8 of 1993.

14) Mr. Donovan responded in writing to the Corps' notices on September 13, 1993, advising that he would not comply with the Corps' directive. In essence, Mr. Donovan told the Corps that it had no authority to regulate activity on his property.

15) At his deposition, Mr. Donovan testified about work he had done on his property over a number of years which involved, among other things, clearing trees, building a shed, and installing some drainage pipes. In sum, Mr. Donovan admitted he had performed work on his property consistent with the filling of wetlands.

16) Mr. Donovan asserts that "the United States is not a holder in due course But David H. and Regina V. Donovan are holders

       in due course and do have a secured interest in the property."

17) Mr. Donovan contends that because he, and not the Government, owns the subject property, the Government cannot exercise any jurisdiction over the property. Mr. Donovan therefore requests the Court grant summary judgment in his favor. (D.I. 41 at 2).

## STANDARD OF REVIEW

1) In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

5

2) To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986).

3) After reading the papers submitted, the court concludes that no genuine issue of material fact exists concerning whether Mr. Donovan filled wetlands without proper authorization on the subject property.

**DISCUSSION**

1) The Court concludes that to establish liability on the part of Mr. Donovan under Section 404 of the Clean Water Act, the Government must establish the following elements by a preponderance of the evidence:

a) a person

b) discharged a pollutant

6

    3)    from a point source

    4)    into waters of the United States

    5)    the discharge was not authorized.

See <u>United States v. Brace</u>, 41 F.3d 117, 120 (3d. Cir. 1994).

2) The Court concludes that it is undisputed that Mr. Donovan is a <u>person</u> who <u>discharged a pollutant without authorization</u>.

3) The Court concludes that the Government has established by a preponderance of the evidence, specifically, the testimony of Mr. Donovan and Mr. Faust, that Mr. Donovan used devices that qualify, under the existing case law, as a "point source," i.e. a bulldozer and a shovel.

4) The Court further concludes that the Government has admitted into the record evidence that establishes that the alleged unauthorized discharges were made into waters of the Untied States as defined in the Clean Water Act. Specifically, the Court concludes that the Reynolds Declaration and Exhibit K submitted by the Government establish that the subject property is properly considered wetlands because the property is adjacent to a tributary of Sawmill Branch which flows into the Smyrna River, which is navigable water of the United States.

## CONCLUSION

In sum, the Court concludes that the Government has established by undisputed evidence that it is entitled to a judgment on the issue of liability under Section 404 of the Clean Water Act. In addition, because Mr. Donovan has not adduced any evidence to support his counterclaim, the Court will deny Defendant's motion for summary judgment.

NOW THEREFORE IT IS HEREBY ORDERED this 26 day of March 2002 that:

1) the Government's Motion For Summary Judgment Under Section 404 Of The Clean Water Act (D.I. 46) is **GRANTED**.

2) Mr. Donovan's Motion For Summary Judgment (D.I. 41) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

2002 MAR 26  AM 8: 57

| | |
|---|---|
| UNITED STATES OF AMERICA     : | |
| : | |
| Plaintiffs,      : | Civil Action No. 96-484 |
| : | |
| v.          : | |
| : | |
| DAVID H. DONOVAN,      : | |
| : | |
| Defendant.      : | |

### O R D E R

WHEREAS, Plaintiff, United States of America, filed a Motion To Compel (D.I. 30) which is pending;

WHEREAS, the Court has recently granted Plaintiff's Motion For Summary Judgment (D.I. 46) and denied Defendant's Motion For Summary Judgment (D.I. 41);

WHEREAS, the Court considers the grounds asserted in support of Plaintiff's Motion To Compel to have been mooted by the decisions on summary judgment;

NOW THEREFORE, IT IS HEREBY ORDERED this 26 day of March 2002 that Plaintiff's Motion To Compel (D.I. 30) is **DENIED**.

UNITED STATES DISTRICT JUDGE