IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) C. A. No. 96-484 (JJF) |
| DAVID H. DONOVAN, | ) |
| Defendant, | ) |

FILED
FEB 1 6 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION
IN EQUITY TO SET ASIDE JUDGMENT WITHOUT
JURISDICTION AND MOTION FOR SUMMARY JUDGMENT
ON THE FORM OF THE COUNTER-COMPLAINT AND
A PETITION FOR THE IMPOSITION OF THE PUBLIC TRUST
AND FOR INJUNCTIVE RELIEF AND FOR DAMAGES FOR
THE TAKING OF PRIVATE PROPERTY FOR PUBLIC USE
WITHOUT JUST COMPENSATION**

All governments, their agencies, agents, officers, employees and attorneys are public officers holding positions of public trust and they stand in a fiduciary relationship to the American people whom they serve. As such, they must conduct themselves in the highest level of good faith, honesty and integrity. When they don't so conduct themselves, their constructive fraud is contrary to public policy, illegal and should be set aside to the fullest extent possible, consistent with protecting the rights of innocent parties such as is Donovan, your Defendant. These obligations are imposed by the common law on all officers and attorneys and are essential to the soundness and the people's opinion and respect for our good government. If any office of government takes any gift, gratuity or <u>benefit</u> in violation of his duty, or acquires any interest in property, as has been done in this case by misapplication and misrepresentation of the statute law and a judgment acquired by constructive fraud, it is a betrayal of his trust and a breach of

1

confidence of his fiduciary duty. SEE *Jersey City v Hague, 115 A.2d 8* included herein as APPENDIX 1.

Plaintiff in this case has perpetrated a constructive fraud against the Defendant by misapplication and misrepresentation of the statutory intent of Congress for the Clean Water Act and by extending the meaning of the statutory wording "navigable waters" which is a constructive fraud. A constructive fraud "exists where conduct, though not actually fraudulent, has all actual consequences and all legal effects of actual fraud. *Agair Inc. v. Shaeffer, 232 Cal.App.2d 513, 42 Cal.Rptr. 883, 886.* Breach of legal or equitable duty which, irrespective of moral guilt, is declared by law to be fraudulent because of its tendency to deceive others or violate confidence. *Daves v. Lawyers Sur. Corp., Tex.Civ.App., 459 S.W.2d 655, 657."*

This constructive fraud has infringed upon this Defendant's investment value expectations of his private property of which he is the bonified purchaser for value. This infringement has continued from 1987 to this date in 2006 depriving Defendant of his use and enjoyment of his private property, which is a violation of substantive due process, another breach of fiduciary duty.

Substantive due process has little to do with procedural fairness; rather, the Supreme Court has ruled that actions of the national and state governments that infringe upon certain fundamental rights, regardless of the procedures used in doing so, will be exposed to exacting judicial scrutiny and more often than not be found in violation of the Constitution.

The Supreme Court began using the substantive component of the Fourteenth Amendment's due process clause in the 1890's to invalidate numerous state laws that

interfered with what the Court considered fundamental economic liberties (economic substantive due process). The Court struck down, for example, a New York law that barred bakers from working more than ten hours per day or sixty hours per week. Although the state has used fair procedures in passing and implementing the law, the substance or effect of the law violated (according to the Supreme Court in *Lochner v. New York (1905)* a fundamental liberty – the right of consenting individuals to make contracts freely.

In 1937, the Supreme Court began overturning its economic substantive due process decisions and started giving substantive protection to other categories of rights via the Fourteenth Amendment's due process clause. Since *Palko v. Connecticut (1937)*, the Court had employed this two-pronged test to guide its use of substantive due process to protect the individual's fundamental rights *(Patrick 2003, 142)*; (1) Is the right deeply rooted in the history and tradition of our nation? (2) Is the right implicit in the concept of ordered liberty? According to these standards, if the substance, meaning, or effect of a law or action of a government infringes upon a fundamental right to liberty, then the state must show that its infringements are necessary to achieve some compelling governmental interest *(Patrick 2003, 148-149)*. Furthermore, Justice Harlan Fiske Stone, in a footnote to the Court's opinion in a 1938 case *(United States v Carolene Products Co.)*, stated that strict judicial scrutiny could be used in cases involving (1) certain "preferred freedoms" in the Bill of Rights, (2) the rights of "discrete and insular minorities" and (3) actions of the government that tend to "seriously protect minorities." Thus the Court would use substantive due process to protect minority rights against infringement by majority rule *(Patrick 2003, 132-133)*.

The Court has used substantive due process to consider whether or not specific provisions of the Bill of Rights ought to be "incorporated" through the Fourteenth Amendment's due process clause and protected against infringement by the state governments. To date, the Court has rejected former Justice Hugo L. Black's argument for total incorporation of the Bill of Rights and has opted to incorporate only fundamental rights on a case-by-case basis, as process known as "selective incorporation." Most of the rights in the Bill of Rights, however, have been incorporated and therefore nationalized. Only the Second, Third and Seventh Amendments and parts of the Fifth and Eighth Amendments have yet to be incorporated and applied against the states.

Due process of law has become a defining feature of American constitutionalism and an inherent part of justice in the United States. Both procedural and substantive due process have been used to place constitutional limits on the powers of government to protect the rights of individuals against infringement by either the federal government or the fifty state governments *(Patrick 2001, 111)*. Thus, due process of law, both procedural and substantive is foundational to understanding the U.S. system of government.

As seen above, the protection of fundamental property rights of the private citizen are deeply rooted in the history and tradition of our nation and said right is implicit in the concept of personal liberty. SEE *Roe v. Wade 410 U.S. 113*. Any invasion of private property is a due process violation, which is also a breach of the fiduciary duty of the government invader. The Court is asked by Defendant to remedy this situation in the request for an injunction which placed the Court in an equity jurisdiction.

4

As a matter of law, the Plaintiff has been limited to its jurisdiction in matters related to the Clean Water Act. SEE *Solid Waste Agency of Northern Cook County v. United States 531 U.S. 159* included herein as APPENDIX 2.

Plaintiff's application of the Clean Water Act to Defendant's private property located 12 ± miles inland from any thing that could be considered navigable water is a constructive fraud. Additional constructive fraud occurs in their claim that Defendant discharged fill dirt into navigable waters of the United States in violation of the Clean Water Act when, in fact, Defendant installed clean fill dirt on the top of his own land and in no water courses of any kind.

All of the above acts of the Plaintiff, besides being a breach of the public trust and of their fiduciary duty, do constitute a taking of private property for public use without just compensation which is a violation of substantive due process as Defendant has already argued in his September 2004 motion for summary judgment which was in the form of a counter-complaint.

CONCLUSION:

All the above being considered by the Court, the Defendant requests only for the Court to do justice on equitable principles and to set aside the previous judgment, grant the requested injunctions and to grant the just compensation requested.

Autograph *David H. Donovan*
David H. Donovan
517 Massey Church Road
Smyrna, Delaware 19977

5