IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | C.A. No. 96-484 (JJF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT'S ANSWER TO |
| | ) | UNITED STATES' MOTION FOR |
| DAVID H. DONOVAN, | ) | SUMMARY JUDGMENT ON |
| | ) | RESTORATION AND CIVIL |
| Defendant. | ) | PENALTY |

1. Plaintiff, the United States' agents, employees and attorneys' Argument #1-A, B, and C is another blatant display of their disregard for the law, breach of the public trust and breach of their fiduciary duty. Misapplying the internal government administrative codes to private property of a private citizen is a dishonest act and constitutes a breach of fiduciary duty. Said act also constituted a taking of private property for public use without just compensation in violation of the due process clause of the Fifth Amendment to the United States Constitution and the Administrative Procedures Act Title 5 U.S.C. Section 601 et.seq.

2. Plaintiff, the United States' agents, employees and attorneys' Argument #2 – A, B, 1, 2, 3, 4 and 5 is the same as Defendant's answer to number 1 as though fully spelled out herein and this just shows their continuing attempts to take private property without just compensation for public use and for self-serving benefits.

3. Plaintiff, the United State's agents, employees and attorney's Argument number 3 asks the Court to reject Defendant's attempt to relitigate for a third time, the issue of his liability under the Clean Water Act. It is not the Defendant requesting relitigation,

1

but rather the Plaintiff. This is the third time Plaintiff has requested restoration and penalties. The first time, the Court granted judgment in favor of the Plaintiff agreeing that they had shown evidence that Defendant had put common fill dirt on some parts of his land, but had shown no evidence that Defendant's act had caused any harm, thus denying Plaintiff's request for restoration and penalties. The second time the Court denied Plaintiff's request for restoration and penalties because Plaintiff showed no evidence that Defendant's fill dirt had caused any harm to anything or anybody. Now, for a third time, Plaintiff is asking the Court to relitigate the Defendant's alleged liabilities under the Clean Water Act, still not producing any evidence of any harm by Defendant to anything or anybody. Thus, Plaintiff's Motion for Summary Judgment, again asking for restoration and civil penalties, should be denied. Plaintiff has presented two volumes of exhibits in support of United State's Motion for Summary Judgment on Restoration and Civil Penalty and in Opposition to Defendant's Motions Filed on February 16, 2006 without a single piece of evidence showing that Defendant caused any harm to anything or anybody.

4. Plaintiff, the United States' agents, employees and attorneys' Argument number 4 suggests to the Court that it should reject Defendant donovan's attempt to resurrect his counter-claim against the United States. This is another attempt by Plaintiff's attorneys to mislead the Court with hopes that the Court would not remember its order of March 2005 when the Court ordered Plaintiff's Motion for Summary Judgment on Restoration and Civil Penalty **denied**, but did not rule at all on Defendant donovan's Motion for Summary Judgment and Counter-claim against the

United States. The Court did order the parties to go to discovery, which Plaintiff did not so, but Defendant donovan did serve on Plaintiff a discovery motion which is part of the record of the case. Defendant's motion asked Plaintiff to show any evidence that they had compiled with President Ronald Ragen's executive orders which required all United States government agencies to check with the general accounting office and to determine the cost to the government treasury for any agency's interference with the use and enjoyment of ones private property by applying United States' administrative codes. Needless to say, Plaintiff did not respond to Defendant's discovery motion, "failure to deny is an admission", Plaintiff has thus admitted that it does not abide by executive orders, much less do they abide by the Administrative Procedures Law Title 5 U.S.C. section 601 et.seq. Defendant's counter-claim does not need to be resurrected, it is very much alive and well and is now ripe for adjudication and is really the only thing remaining before this Court for consideration.

CONCLUSION:

For reasons set forth above, this Court should:

1. Deny Plaintiff, United States' Motion for Summary Judgment on Restoration and Civil Penalty again, and grant Defendant donovan's Motion for Summary Judgment;

2. Order the Plaintiff enjoined from any further invasion of private property under the false pretense of Administrative Code Law; and

3. Also order Plaintiff to pay the Thirty Seven Million Dollars ($37,000,000.00) originally demanded by Defendant in his counter-claim for interfering with

3

Defendant's use, enjoyment and investment value expectations of his private property, plus One Thousand Dollars ($1,000.00) per day from the time of the counter-claim until paid in full.

Respectfully submitted with hopes of returning our good government to the position of respect it used to have.

Autograph *david h donovan*
david h. donovan
Location: 517 Massey Church Road
Smyrna, Delaware 19977

CERTIFICATE OF SERVICE

I, David H. Donovan, hereby certify that on this 16th day of February, 2006, that I caused a copy of the MOTION FOR SUMMARY JUDGMENT ON THE FORM OF THE COUNTER COMPLAINT AND A PETITION FOR THE IMPOSITION OF THE PUBLIC TRUST AND FOR INJUNCTIVE RELIEF AND FOR DAMAGES FOR THE TAKING OF PRIVATE PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION, MOTION IN EQUITY TO SET ASIDE JUDGMENT WITHOUT JURISDICTION and POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN EQUITY TO SET ASIDE JUDGMENT WITHOUT JURISDICTION AND MOTION FOR SUMMARY JUDGMENT ON THE FORM OF THE COUNTER COMPLAINT AND A PETITION FOR THE IMPOSITION OF THE PUBLIC TRUST AND FOR INJUNCTIVE RELIEF AND FOR DAMAGTES FOR THE TAKING OF PRIVATE PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION to be served on the following by First Class Mail, postage prepaid:

2 copies to the Clerk of the United States District Court for the District of Delaware

1 copy to Steven E. Rusak, Trial Attorney
   United States Department of Justice
   Environment & Natural Resources Division
   Post Office Box 23968
   Washington, D.C. 20026-3986

1 copy to Patricia Hannigan
   Assistant United States Attorney
   District of Delaware
   1201 Market Street, Suite 1100
   Post Office Box 2046
   Wilmington, DE  19801

Autograph _____
David H. Donovan
517 Massey Church Road, Smyrna DE 19977