## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | C.A. No. 96-484 (JJF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION FOR ACTION TO |
| | ) | ENJOIN ENFORCEMENT OF |
| DAVID H. DONOVAN, | ) | U.S. ADMINISTRATIVE CODE - |
| | ) | DUE PROCESS VIOLATION IN |
| Defendant. | ) | RESPONSE TO UNITED STATES' |
| | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT |

### I.  JURISDICTION

1. The jurisdiction of this court is invoked under Title 28, United States Code, Sections 2201, et.seq., this counter-suit being authorized by the United States Constitution and the equity jurisdiction of this honorable Court. This is an action for declaratory judgment and an injunction to redress the past deprivation and prevent the further deprivation by Plaintiff and their agents, acting under color of administrative code law of rights, privileges and immunities secured by the Constitution of the United States, namely the due process clause of the Fifth Amendment, guaranteeing to all persons freedom of liberty and the protection of private property.

### II.  PARTIES

2. Plaintiff is a corporation existing pursuant to the rules and law of its by-laws known as the United States Constitution and is engaged in the business of perant patria as guardian and trustee for the private American citizens.

Defendant david h. donovan is a private American citizen **not** a member of the political community nor a corporation or officer or agent of any corporation and is the bonified purchaser for value of the 4± acres of land on the east side of Rt. 13 in Smyrna, Delaware which is the subject of dispute in this case.

### III.   ALLEGATIONS

3. Defendant brings this action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, on his own behalf and on behalf of all others similarly situated, namely all members of the private American citizens. This class is so numerous that joinder of all its members herein is impractical. There are questions of law and questions of fact common to the class; the claims of the Defendant are typical of the claims of the class and will fairly and adequately protect the interests of the class. Defendant has acted on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief with respect to the class as a whole. Further to prevent separate actions by individual members of the class which create a risk of inconsistent adjudication's with respect to individual members of the class which would establish incompatible standards of conduct for the Plaintiff.

4. This action is maintainable under Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure.

5. The number of members of the class is not known with precision, but on information and belief, is about 3 million.

6. The Defendant will fairly and adequately protect the interests of the class. Defendant is appearing in his private capacity because attorneys are incompetent to represent a

natural person. Defendant knows of no conflicts of interest among members of the class with regard to the issues in this case.

7. The question of fact common to all members of the class is that all members are private citizens and bonified purchasers for value of private property. The question of law common to all members of the class is that all of them are subject to the administrative codes being applied to their private property.

8. The Plaintiff United States is the real defendant in this injunction request.

9. At all times relevant hereto, the Plaintiffs acted through their agents and employees, all of whom were duly qualified and acting as agents and attorneys for the United States.

10. At all times relevant hereto, the Plaintiff, their agents and employees were acting under color of the administrative codes of the United States.

IV.   ADMINISTRATIVE CODES

11. The Congress of the United States is empowered, pursuant to its constitution, to make laws for the governance of its corporation but not to apply said laws to private property.

12. An administrative act of Congress known as the Clean Water Act, Section 1251, 33 U.S.C. provides for protection of navigable water not inland waters near private property. The said U.S.C. is vigorously enforced through agents of the Plaintiff.

## V. FACTS OF THE CASE

13. All of the facts are contained in the record of this case.

14. Defendant fears that Plaintiff will continue to invade his private properties through use of the United States Administrative Code for self-serving purposes.

15. Defendant and members of the class he represents have suffered, are now suffering and will continue to suffer deprivation of their Fifth Amendment protections unless granted the relief prayed for in this injunction and summary judgment. Defendant has no plain, adequate or complete remedy at law against the enforcement of the U. S. codes by Plaintiff. Injunctive and declaratory relief from this court is the only relief which can adequately protect the aforesaid rights of Defendant and the class he represents. Defendant does not, nevertheless, seek any relief against any proceeding now pending in any other forum, but instead seeks declaratory and injunctive protection against future violations of the private people's rights.

## VI. CAUSES OF ACTION

16. The Clean Water Act of the U.S.C. Administrative Code is unconstitutional on its face and as applies to the Defendant and the class he represents.

17. The use and the threatened use of the Clean Water Act on private property in the U.S.C. Administrative Code, deprives Defendant and the class he represents of their rights under the Fifth Amendment and the due process clause of the Fourteenth

Amendment to the U.S. Constitution and violates the contract of the Constitution between the U. S. and the American private sector.

WHEREFORE, Defendant respectfully prays that this Court grant the following relief:

1. A declaratory judgment that the Clean Water Act of the U.S. Administrative Code is unconstitutional on its face and as applied to Defendant and the class he represents.

2. An order enjoining Plaintiff, their successors, their agents and all persons acting in concert with them who have knowledge of the injunction from in any way enforcing or threatening to enforce the Clean Water Act of the U. S. Administrative Code, or any similar requirement on private citizens or their private property.

3. Such other and further relief as to this Court seems just and proper.

Autograph ___David H Donovan___
David H. Donovan
Location c/o 517 Massey Church Road
Smyrna, DE 19977

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | C.A. No. 96-484 (JJF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | [PROPOSED] ORDER GRANTING |
| | ) | DEFENDANT'S MOTION FOR |
| DAVID H. DONOVAN, | ) | SUMMARY JUDGMENT AND |
| | ) | INJUNCTION |
| Defendant. | ) | |

Upon consideration of the Defendant's Motion for Summary Judgment on Restitution in the amount of Thirty Seven Million ($37,000,000.00), the accompanying memorandum of law in support, and for good cause shown, the Defendant's motion is hereby **GRANTED**. Plaintiff United States is hereby **ORDERED** to pay to Defendant david h. donovan, Thirty Seven Million ($37,000,000.00) within 60 days and the United States, its agents and employees are hereby enjoined from any further invasion of the use and enjoyment of donovan's private property or of others similarly situated.

 

                                              HONORABLE JOSEPH J. FARNAN, JR.
                                              District Judge
                                              United States District Court

CERTIFICATE OF SERVICE

I, David H. Donovan, hereby certify that on this 16th day of February, 2006, that I caused a copy of the MOTION FOR SUMMARY JUDGMENT ON THE FORM OF THE COUNTER COMPLAINT AND A PETITION FOR THE IMPOSITION OF THE PUBLIC TRUST AND FOR INJUNCTIVE RELIEF AND FOR DAMAGES FOR THE TAKING OF PRIVATE PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION, MOTION IN EQUITY TO SET ASIDE JUDGMENT WITHOUT JURISDICTION and POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN EQUITY TO SET ASIDE JUDGMENT WITHOUT JURISDICTION AND MOTION FOR SUMMARY JUDGMENT ON THE FORM OF THE COUNTER COMPLAINT AND A PETITION FOR THE IMPOSITION OF THE PUBLIC TRUST AND FOR INJUNCTIVE RELIEF AND FOR DAMAGTES FOR THE TAKING OF PRIVATE PROPERTY FOR PUBLIC USE WITHOUT JUST COMPENSATION to be served on the following by First Class Mail, postage prepaid:

2 copies to the Clerk of the United States District Court for the District of Delaware

1 copy to Steven E. Rusak, Trial Attorney
    United States Department of Justice
    Environment & Natural Resources Division
    Post Office Box 23968
    Washington, D.C. 20026-3986

1 copy to Patricia Hannigan
    Assistant United States Attorney
    District of Delaware
    1201 Market Street, Suite 1100
    Post Office Box 2046
    Wilmington, DE 19801

Autograph _David H. Donovan_ (signature)
David H. Donovan
517 Massey Church Road, Smyrna DE 19977