SUE ELLEN WOOLDRIDGE
ASSISTANT ATTORNEY GENERAL

STEVEN E. RUSAK
MARY ANNE ZIVNUSKA
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Post Office Box 23986
Washington, D.C. 20026-3986
Delaware Bar No. 3144
Tel: (202) 514-9275

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil Action No. 96-484 |
| Plaintiff, ) | |
| ) | RESPONSE TO DEFENDANT'S |
| v. ) | MOTION TO ENJOIN |
| ) | ENFORCEMENT OF THE |
| DAVID H. DONOVAN, ) | UNITED STATES CODE |
| ) | |
| Defendant. ) | |

Defendant's "Motion of Action to Enjoin Enforcement of the U.S. Administrative Code- Response to United States' Motion for Summary Judgement" re-argues issues of liability that this Court has previously decided against Defendant, and should be denied.

## BACKGROUND

Over four years ago, this Court "conclude[d] that the Government ha[d] established by undisputed evidence that it is entitled to a judgment on the issue of liability under the Clean Water Act." March 26, 2002 Order at 8 (Dkt #51). The only issue

remaining to be resolved is the issue of remedy, including restoration and civil penalty.

On September 15, 2004, Defendant filed a motion for summary judgment, seeking to reverse the liability finding against him, and seeking monetary damages for the Government's alleged taking of his property. The Court denied the motion. April 7, 2005 Order (Dkt # 67).

On December 6, 2005, the parties agreed that it would be appropriate to resolve the issue of Defendant's ability to pay a civil penalty on summary judgment. 12/6/05 Letter, Dkt # 77. Nevertheless, on February 16, 2006, Defendant filed another motion for summary judgment asserting a takings claim and a motion to set aside the earlier judgment, alleging that the Government has violated the Fifth and Fourteenth Amendments of the Constitution. Those motions are still pending before the Court.

On March 10, 2006, the United States filed for summary judgment regarding the issue of Defendant's ability to pay a civil penalty. Defendant filed a response to this Motion, and, along with his Response (to which the United States is replying separately), Defendant filed the document to which the Government now responds.

## ARGUMENT

**I.    The Law of the Case Doctrine Prevents Defendant from Bringing this "Motion."**

By filing his "Motion of Action to Enjoin Enforcement of the U.S. Administrative

Code- Response to United States' Motion for Summary Judgement[1]" Defendant attempts to get a second (or, counting his September 15, 2004 Motion to Dismiss and his February 16, 2006, Motion for Summary Judgment, a fourth) chance to litigate the issue of liability under the Clean Water Act. The law of the case doctrine precludes Defendant from relitigating these issues.

The law of the case doctrine " 'expresses the practice of courts generally to refuse to reopen what has been decided.' " Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (quoting Messinger v. Anderson, 225 U.S. 436, 444 (1912)). There are three traditional exceptions to the law of the case doctrine: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." Patel v. Sun Co., Inc., 141 F.3d 447, 461 n. 9 (3d Cir.1998). None of these exceptions apply to the Court's liability rulings here.

Defendant has litigated and lost the claims at the heart of this new filing: that the Clean Water Act's application in his case is an unconstitutional "taking" under the Fifth Amendment and a denial of Due Process under the Fifth and Fourteenth Amendments as it applies to him. April 7, 2005 Order, Dkt # 67. In the Order denying Defendant's 2004

---

[1] The United States interprets this filing as not a motion in the strict sense, but it is more properly characterized as a new complaint or an attempt to amend Defendant's counter-claim. Additionally, this filing is captioned as a "response" to the United States' summary judgment motion on Defendant's ability to pay a civil penalty, but nothing therein is responsive to the United States' motion. Finally, as there is no body of law formally known as the "U. S. Administrative Code," the United States interprets this and Defendant's reference to "Administrative Codes" to mean the United States Code.

motion for Summary Judgement, the Court ruled that Defendant "failed to demonstrate... the absence of genuine issues of material fact and his entitlement to judgment as a matter of law." Id. Defendant brings no new arguments and no new facts in this document; he only seeks to join new parties. See Def. Mtn at 2 (seeking to join about 3 million persons). Instead, he attempts to end-run this Court's liability ruling against Defendant. Dkt. 51 at 8. The Court's ruling establishing Defendant's liability is law of the case. Defendant's Motion must be denied.

## II. Defendant's Filing is Fatally Defective in Meeting Procedural Requirements

Defendant's Motion appears to be a class action complaint. Interpreting the Motion most favorably for the Defendant, it is either an attempt to amend Defendant's "counter-claim," or an attempt to file a new complaint. This Court should not indulge either option.

First, the class action aspect of the filing is barred by the Court's Order of April 22, 2005. In that Order, the court prohibited the joinder of other parties to this litigation without seeking leave of court. April 22, 2005 Order at 3 ("Dkt # 70"). Defendant has not sought leave to add all "private citizens and bonified [sic] purchasers for value of private property" to this suit. See Def. Mtn, Dkt # 94, at 3.

Second, if Defendant is attempting to amend his counter-claim, Defendant has not satisfied the prerequisite conditions set out in Fed. R. Civ. P. 15. Since the United States did not, and will not, consent to such an amendment, Defendant is required to seek leave

of court to amend his complaint. Fed. R. Civ. P. 15(a). A court may grant a motion to amend a complaint "when justice so requires." Id. However, Defendant never requested permission to amend his complaint. Defendant has not met the procedural requirements for amending a complaint as set forth in Rule 15.

Even were Defendant's filing construed as an implied motion to amend, the request to amend should be denied. A district court may deny leave to amend where amendment is unjust. Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3rd Cir. 2006). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." Id. This amendment is very late in coming, and Defendant has demonstrated no reason for the delay. Indeed, Defendant's liability under the Clean Water Act was resolved four years ago. Dkt # 51 at 8. His second motion for summary judgment, which contains a position almost identical to this filing, was denied a year ago. April 7, 2005 Order, Dkt # 67. The only issue that remains unresolved in this litigation is Defendant's ability to pay a civil penalty under the Clean Water Act.

In addition, Defendant's Motion should be denied because it would be futile for Defendant to amend his counter-claim to assert contract or takings claims is this Court. See Arthur, 434 F.3d at 204. According to the Tucker Act:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). This Court does not have jurisdiction over the breach of contract claim or the takings claim Defendant asserts in his Motion. Defendant seeks to avoid this consequence by stating that the only relief he and his class seek is an injunction against enforcement of the Clean Water Act. However, Fifth Amendment taking claims against the United States "are premature until the property owner has availed himself of the process provided by the Tucker Act." See Preseault v. I.C.C., 494 U.S. 1, 12 (1990), quoting Williamson County Regional Planning Comm'n, 473 U.S. 172, 195 (1985). If Defendant desires to proceed with the claims identified in his filing at all, he must do so in the Court of Federal Claims.

Defendant seems to posit that the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., creates jurisdiction here; however, "it is well-settled that the Declaratory Judgment Act does not expand the jurisdiction of the federal courts." Starter Corp v. Converse, 84 F.3d 592, 594 (2d Cir. 1996); Getty Oil, Inc., v. Ruckelshaus, 476 F.2d 349, 356 (3rd Cir. 1972), cert. denied, 409 U.S. 1125 (1973).

## CONCLUSION

For the forgoing reasons, the United States requests that Defendant's "motion" be denied.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

By: /s/ Mary Anne Zivnuska
MARY ANNE ZIVNUSKA,
Missouri Bar No. 56701
STEVEN E. RUSAK
Delaware Bar No. 3144
Trial Attorneys
Environmental Defense Section

COLM F. CONNOLLY
United States Attorney

By: /s/ Patricia Hannigan
PATRICIA HANNIGAN
Delaware Bar No. 2145
Assistant United States Attorney
1201 Market Street, Suite 1100
Post Office Box 2046
Wilmington, DE 19801
(302) 573-6277

Of Counsel:

BARRY GALE
Office of Counsel
United States Army Corps of
  Engineers - Philadelphia District
Philadelphia, Pennsylvania 19106

Dated: April 10, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on **April 10, 2006**, I electronically filed a **RESPONSE TO DEFENDANT'S MOTION TO ENJOIN ENFORCEMENT OF THE UNITED STATES CODE** with the Clerk of Court using CM/ECF. Notification of such filing will be served via Federal Express on the following:

Mr. David H. Donovan
517 Massey Church Road
Smyrna, DE 19977
(302) 652-8692

                COLM F. CONNOLLY
                United States Attorney

By: /s/Patricia C. Hannigan
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I.D. No. 2145
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Patricia.Hannigan@usdoj.gov