SUE ELLEN WOOLDRIDGE
ASSISTANT ATTORNEY GENERAL

MARY ANNE ZIVNUSKA
STEVEN E. RUSAK
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Post Office Box 23986
Washington, D.C. 20026-3986
Delaware Bar No. 3144
Tel: (202) 514-0242/9275

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Civil Action No. 96-484 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | **REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT ON RESTORATION AND CIVIL PENALTY** |
| DAVID H. DONOVAN, | ) ) | |
| Defendant. | ) ) | |

The United States of America has moved this Court for summary judgment on the issue of remedy, seeking restoration and civil penalty. In response, Defendant again raises issues that this Court has adjudicated in favor of the United States in its March 26, 2002 and April 7, 2005 Orders. Dkt 51, Dkt 67. Defendant has not offered any evidence disputing the propriety of restoration and a civil penalty of $256,000, as recommended by the Government.

Additionally, although a response to a motion for summary judgment is no place to

argue counterclaims, Defendant has acquired no new facts to support the counterclaims addressed in his response. Neither are his arguments substantially different than the ones raised in his 2004 motion for summary judgment. Dkt # 61. In this filing, Defendant provides the Court with nothing new.

Additionally, Defendant either misrepresents or is confused about the nature of the Court's past rulings, as well as certain irrelevant provisions of law. His response asserts:

- That the United States never provided any evidence that Defendant's conduct caused any harm (Def. Res. At 2);

- That the Court found that Defendant's actions never harmed anyone or anything (Def. Res. at 2);

- That the Court denied the United States' request for restoration and penalty altogether (Def. Res. at 2);

- That the United States' enforcement of the Clean Water Act ("CWA") with respect to the property in question is a taking in violation of the Fifth Amendment (Def. Res. at 1);

- The Government either has unclean hands or is somehow hampered in its enforcement of the CWA because it has not complied with the Regulatory Flexibility Act, 5 U.S.C. § 601 *et seq.* (Def. Res at 3).

Regardless of Defendant's misunderstandings of the law and of the Court's previous Orders, the United States is entitled to summary judgment for the reasons that follow.

## I. Standard of Review, Along With The Absence of a Dispute on Material Facts, Compels Entry of Summary Judgment for the United States.

It is well-established that, as a matter of law, summary judgment is proper where there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

As noted in the Government's opening brief, Defendant must meet more than a minimal burden in order to survive a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). It is Defendant's burden to bring specific facts to the Court's attention, showing that there is a genuine issue of material fact. Id. at 248; Celotex, 477 U.S. at 323. "[M]erely colorable" evidence is insufficient to overcome summary judgment. Dombrowski v. Eastland, 387 U.S. 82, 84 (1967).

Defendant here brings no new evidence to the Court's attention; rather, he purports to rely upon the same evidence as the United States: ". . . Volumes I and II of Plaintiff's exhibits in support of United States' Motion for Summary Judgment filed March 10, 2006 [. . .] is hereby converted to evidence for the Defendant." Def. Mem. At 1. Defendant also incorporates all of his earlier filings by reference. Id. Those earlier filings, dealing with alleged Fifth Amendment takings (9/15/04 Mtn for Sum. J.), the absence of a Government security interest in his property (9/8/00 Mtn for Sum. J. &/or to Dismiss), and allegations that the Court lacked territorial jurisdiction (11/13/96 Mtn to Dismiss), have nothing to do with the issue of whether a restoration and a civil penalty are appropriate under the CWA. Defendant brings no new evidence or valid arguments to the Court's attention; summary judgment is therefore appropriate.

## II. Both Restoration And A Civil Penalty Are Appropriate In This Case

Defendant argues that the United States failed to prove that his illegal filling of the wetlands harmed "anything or anybody" (Def. Res. at 2), and therefore, the United States'

motion for summary judgment should be denied. Defendant is wrong on both points.

The United States did provide evidence proving the harm that Defendant's actions had on the environment, area species, and the surrounding community, in both its August 19, 2004 and its March 10, 2006 motions for summary judgment on restoration and civil penalty. 8/19/04 Mtn. for Sum. J., Ex. 4, 5; 3/10/06 Mtn. for Sum. J., U.S. Ex. 3 at 6-7.

Even had the United States not provided Jeffrey Steen's report, declaration, and supporting exhibits detailing the negative effect that Defendant's filling of wetlands has on the environment and the surrounding community, restoration would still be appropriate and a civil penalty would still be necessary. Specifically, the Steen declaration provides uncontested evidence of the benefits lost when the wetlands on Defendant's property were filled. Id. When those wetlands are destroyed, these benefits no longer accrue to the area. Defendant has provided no evidence to the contrary.

Defendant posits that the Court found that Defendant's actions never harmed anyone or anything (Def. Res. at 2). Defendant misunderstands the Court's ruling denying the United States' August 19, 2004 motion for summary judgment on the issues of restoration and civil penalty. In its Order of March 24, 2005, the Court denied the United States' motion because it found that, at that time, there were genuine issues of material fact as to the number of violations that occurred, the Defendant's ability to pay a penalty, and the economic benefit Defendant gained by his illegal conduct. Dkt # 56 at 2. Nowhere in the Court's Order did it suggest that Defendant's conduct was harmless.

The CWA empowers the Court to use its discretion to order restoration. United States v. Ciampitti, 615 F.Supp. 116, 122 (D.N.J. 1984). Here, restoration is relatively simple, requiring only two steps: 1) removing the fill material Defendant deposited (Steen Decl., ¶27, U.S. Ex. 3) and 2) seeding the area with a wetland seed mix to re-establish wetland ground cover and stabilize soils. Id. at 30. This restoration plan is practically achievable and is equitably commensurate with Defendant's CWA violation. U.S. Opening Brief at 18-22.

The United States does not have to make any additional showings in order for the Court to impose a civil penalty. As noted in our opening brief, when a defendant has violated the CWA, "civil penalties under 33 U.S.C. § 1319(d) are mandatory." NRDC v. Southwest Marine, Inc., 236 F.3d 985, 1001 (9th Cir. 2000); Atlantic States Legal Found., Inc. v. Tyson Foods, Inc., 897 F.2d 1128, 1142-3 (11th Cir. 1990); Cf. United States v. Municipal Auth. of Union Tp., 150 F.3d 259, 261 (3rd Cir. 1998) (CWA permit violator "shall be subject to a civil penalty not to exceed $25,000 per day for each violation"). Thus, the Court needs no independent finding of harm in order to apply a civil penalty. This Court has found that Defendant violated the CWA, therefore, a civil penalty is appropriate.

### III. The Court's Previous Rulings Do Not Decide The Remedy Issue

The parties agreed to conduct this trial on restoration and ability to pay a civil penalty upon motions for summary judgment. Letter, Dkt. # 77. Defendant is correct that the United States had earlier moved for summary judgment on the issues of restoration and penalty. The Court denied that motion because it found that genuine issues of material fact existed

regarding the number of Defendant's CWA violations, his ability to pay a penalty, and the economic benefit he gained through his illegal actions. March 24, 2005 Order, Dkt # 65. In its summary judgment motion now before the Court, the United States has provided undisputed facts on these issues the Court had previously identified as wanting proof. March 24, 2005 Order, Dkt # 65 at 2; U.S. Opening Br. The issue of remedy for Defendant's CWA violations has not yet been decided.

Defendant is correct that this Order of March 24, 2005 does not address the issue of Defendant's counter-claim, leaving it open at that time. However, the Court addressed Defendant's 2004 Motion for summary judgment in another Order, entered on April 7, 2005. Dkt # 67. That Order denied Defendant's motion for summary judgment on the counter-claim because Defendant failed to show both a lack of disputed material facts and "his entitlement to judgment as a matter of law." Id. Defendant still cannot show an absence of material fact as to his counterclaim, has not made new arguments that he is legally entitled to judgement, thus this claim should again be denied. These issues do not affect the propriety of a ruling in favor of the United States on its pending motion for summary judgment.

### IV. Law Of the Case Prevents Defendant From Raising, Yet Again, His Fifth Amendment Takings Argument.

Defendant's claim that, under the Fifth Amendment of the Constitution, he is entitled to compensation for a regulatory taking, is wholly irrelevant as to whether the United States has shown by uncontested evidence that a civil penalty and restoration of the destroyed wetland is appropriate. Thus, it does not affect the strength of the United States' pending

summary judgment motion. However, the Government notes that Defendant repeats this argument that the CWA's enforcement amounts to a regulatory taking in violation of the Fifth Amendment; that argument was offered in his September 15, 2004 Motion for Summary Judgment. Dkt # 61. That motion was denied by this Court on April 7, 2005 because Defendant filed to prove the "absence of genuine issues of material fact and his entitlement to judgment as a matter of law." Dkt. # 67. Since filing that motion, Defendant has obtained no new facts. Rather, without explaining the relevance of the United States' evidence, he "converts" the exhibits submitted in support of the Government's summary judgment motion "to evidence for the Defendant of Plaintiffs' [sic] due process violations." Def. Mem. At 1. Defendant has litigated and lost this argument before, and still presents no showing that he is entitled to judgment. Even if the law of the case did not bar consideration of this issue, the Court has no jurisdiction over Defendant's takings claims.[2] Defendant's response presents nothing new for the Court to consider.

## V. Defendant's Reliance on the Regulatory Flexibility Act to Discredit the Clean Water Act Is Misplaced.

Defendant incorrectly contends that the restoration and civil penalty provisions of the Clean Water Act, 33 U.S.C. §1319(b) & (d), violate the Regulatory Flexibility Act, 5 U.S.C. § 601 et seq. ("RFA"), because the government has not assessed the effect that the CWA would have on the use and enjoyment of private property. Def. Res. at 3. The RFA applies

---

[2] The Government has addressed this issue before, most recently in its "Response to Defendant's Motion to Enjoin Enforcement of the United States Code." See the Tucker Act, § 1491(a)(1).

to agency actions. 5 U.S.C. §601 *et seq.* For purposes of the RFA, an "agency" is defined in the same manner as in the Administrative Procedure Act, 5 U.S.C. §551(a). 5 U.S.C. § 601(a). Congress is explicitly exempted from the definition of "agency." 5 U.S.C. §551(a)(1)(A). By its terms, the Regulatory Flexibility Act does not apply to statutes and other acts of Congress. 5 U.S.C. §§ 601(a), 601 *et seq.* Defendant's argument fails.

## VI. Conclusion

In his response, Defendant has not brought to the Court's attention any specific facts showing that there are genuine issues of fact as to his ability to pay a civil penalty, or showing why he should not have to restore the wetland he destroyed to its original condition. The Court's March 26, 2002 Order sets the law of the case as to Defendant's liability; the law on remedy for violations of the CWA is clear. The Court should order restoration of the destroyed wetland and impose an appropriate civil penalty.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

By: */s/ Mary Anne Zivnuska*
MARY ANNE ZIVNUSKA,
Missouri Bar No. 56701
STEVEN E. RUSAK
Delaware Bar No. 3144
Trial Attorneys
Environmental Defense Section

COLM F. CONNOLLY
United States Attorney

By: /s/ Patricia C. Hannigan
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899
(302) 573-6277
Patricia.Hannigan@usdoj.gov

OF COUNSEL:

BARRY GALE
Office of Counsel
U.S. Army Corps of Engineers
Philadelphia District
Philadelphia, PA 19106


Dated: April 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on **April 14, 2006**, I electronically filed a **REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT ON RESTORATION AND CIVIL PENALTY** with the Clerk of Court using CM/ECF. Notification of such filing will be served via Federal Express on the following:

Mr. David H. Donovan
517 Massey Church Road
Smyrna, DE 19977
(302) 652-8692

                              COLM F. CONNOLLY
                              United States Attorney

By: /s/Patricia C. Hannigan
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I.D. No. 2145
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Patricia.Hannigan@usdoj.gov