IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 96-484-LPS |
| David H. DONOVAN, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court are Objections to Magistrate Judge Thynge's Report and Recommendation (D.I.. 146) regarding a Motion For Summary Judgment filed by Plaintiff, the United States of America ("the Government") (D.I. 134), and a Motion For Judgment On The Pleadings (D.I. 137) filed by Defendant David H. Donovan ("Defendant"). For the reasons discussed, the Court will overrule the Objections and adopt Magistrate Judge Thynge's Report and Recommendation.

**I.     BACKGROUND**

The instant civil action was brought by the Government against Defendant to enforce the Clean Water Act ("CWA"). On December 21, 2006, judgment was entered in favor of the United States, and against Defendant (D.I. 106); Defendant subsequently appealed. Following the United States Supreme Court's ruling in *Rapanos v. U.S.*, 547 U.S. 715 (2006), the United States Court of Appeals for the Third Circuit remanded the instant action to this Court to "develop the record on the issue of [CWA] jurisdiction." (D.I. 111)

On July 23, 2010, Magistrate Judge Thynge issued a Report and Recommendation which recommended granting the Government's Motion For Summary Judgment and denying

Defendant's Motion For Judgment On The Pleadings. Specifically, the Magistrate Judge concluded that, under *Rapanos*, the wetlands at issue are "waters of the United States" and are within the jurisdiction of the CWA. (D.I. 146, at 20)

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendation

When reviewing the decision of a magistrate judge on a dispositive matter, the Court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is considered a dispositive matter; therefore, the findings and conclusions of the magistrate judge in connection with such a motion are reviewed *de novo*. The Court may accept, reject, or modify the recommendations of the magistrate judge. The Court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding.

### B. Summary Judgment

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," then the Court should grant summary judgment. Fed. R. Civ. P. 56(c). The movant bears the burden of proving the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When considering whether a genuine issue of material fact exists, a Court must view the evidence in the light most favorable to the non-movant, and resolve all reasonable inferences in the non-movant's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). However, a Court should not make credibility determinations or

weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The mere existence of some evidence in support of the non-movant will not be sufficient to survive a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the movant offers such proof, the non-movant "must come forward with 'specific facts showing [a] genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). Thus, in ruling on a summary judgment motion, a Court must perform the "threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### C. Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), alleging a failure to state a claim upon which relief can be granted, is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss under Rule 12(b)(6), a Court must accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, a Court may grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna*,

*Inc.*, 221 F.3d 472, 481-82 (3d Cir.2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 570. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321-22 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

Defendant objects to the Report and Recommendation in its entirety, contending that the Magistrate Judge incorrectly concluded that the Government's Motion for Summary Judgment should be granted and that its Motion for Judgment on the Pleadings should be denied. (D.I. 147)

### A. The Government's Motion For Summary Judgment

With respect to the Motion for Summary Judgment, Defendant objects to the Report and Recommendation on four grounds: (1) that the Magistrate Judge failed to apply the proper

summary judgment standard; (2) that the Magistrate Judge applied the wrong legal standard in assessing jurisdiction under the CWA; (3) that the Magistrate Judge erred in concluding that the Government was entitled to summary judgment under the *Rapanos* plurality's test; and (4) that the Magistrate Judge erred in concluding that the Government was entitled to summary judgment under the *Rapanos* concurrence's test. (*Id.*) The Court will examine each of Defendant's contentions in turn.

### 1. Whether the Magistrate Judge Failed to Apply the Proper Summary Judgment Standard

Defendant contends that the Magistrate Judge misapplied the legal standard for summary judgment by lowering the Government's burden. (*Id.* at 1) Specifically, Defendant contends that the Report and Recommendation improperly weighs the evidence, and fails to consider the evidence in terms of whether a reasonable juror could find for Defendant. (*Id.* at 1-2) In addition, Defendant contends that the Magistrate Judge misapplied the legal standard for summary judgment by accepting the testimony of the Government's expert witness wholesale, and disregarding Defendant's declaration. (*Id.* at 2-3)

Upon *de novo* review of the Report and Recommendation, the Court concludes that there is no genuine issue of material fact as to whether the wetlands are subject to CWA jurisdiction, and that Defendant failed to come forward with evidence to enable a jury to reasonably find for the him on that issue. Further, the Court concludes that the Magistrate Judge did not misapply the legal standard for summary judgment.

### 2. Whether the Magistrate Judge Applied the Wrong Legal Standard in Assessing Jurisdiction Under the CWA

Defendant contends that the Report and Recommendation's determination that the

Government can establish jurisdiction under either the *Rapanos* plurality's test or the *Rapanos* concurrence's test is contrary to Third Circuit precedent. (D.I. 147 at 3-4) Defendant cites *Rappa v. New Castle County*, 18 F.3d 1043 (3d Cir. 1994), and argues that because there is no common denominator between the splintered opinions in *Rapanos*, it yields no governing standard. (*Id.* at 4) Defendant additionally argues that the Magistrate Judge's approach is conceptually flawed in that it permits the *Rapanos* dissent to control.[1] (*Id.* at 4-5) If application of a test from *Rapanos* is necessary, however, Defendant contends that *Marks v. United States*, 430 U.S. 199 (1977),[2] dictates that the plurality's test should have been used. (*Id.* at 5-6)

The Government contends that the reasoning of *Rappa* is inapposite to the instant action because "in *Rapanos*, both the plurality and concurring opinions articulated a standard that, when applied to CWA jurisdiction, *would* necessarily produce a result with which a majority of the Court from that case . . . would agree." (D.I. 149 at 2) Further, the Government notes that Defendant has failed to cite any authority holding that *Rapanos* presents no governing standard. (*Id.* at 3)

The Court concludes that the Magistrate Judge did not err in her application of *Rapanos*. As noted in the Report and Recommendation, the Third Circuit has not yet addressed CWA

---

[1] Justice Stevens, writing in dissent in *Rapanos*, recognized that the plurality and concurrence defined different tests to be applied on remand, and stated that, "[g]iven that all four Justices who have joined this [dissenting] opinion would uphold the Corps' jurisdiction in both of these cases – and in all other cases in which either the plurality's or Justice Kennedy's test is satisfied – on remand each of the judgments should be reinstated if *either* of those tests is met." *Rapanos*, 547 U.S. at 810 (Stevens, J., dissenting) (emphasis in original).

[2] *Marks* stands for the principle that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." 430 U.S. at 193.

jurisdiction with respect to wetlands since *Rapanos*. The Report and Recommendation conducted a survey of other Circuit Courts which have addressed this issue, noting that the concurrence's test has been the common factor in most analyses, and that the First, Sixth, and Eighth Circuits have followed the *Rapanos* dissent's instruction that jurisdiction is proper under either the plurality or concurrence standards. (D.I. 146, at 6-8) In light of this persuasive authority – and Defendant's failure to cite any authority following only the *Rapanos* plurality standard – the Court concludes that the Magistrate Judge did not err as a matter of law in determining that CWA jurisdiction could be established under the plurality or concurrence standards.[3] In addition, the Court is unpersuaded that the Magistrate Judge erred by not following *Rappa* because no authority exists to support the contention that *Rapanos* wholly fails to provide any governing standard.

### 3. Whether the Magistrate Judge Erred in Concluding that the Government Was Entitled to Summary Judgment Under the *Rapanos* Plurality's Test

Under the *Rapanos* plurality's test for establishing CWA jurisdiction over wetlands, two findings are required: (1) that the channel adjacent to the wetlands "contains a water of the United States, (i.e., a relatively permanent body of water connected to traditional interstate navigable waters);" and (2) "that the wetland has a continuous surface connection with that water, making it difficult to determine where the water ends and the wetland begins." *Rapanos*, 547 U.S. at 742 (Scalia, J., plurality) (internal quotation marks omitted). Defendant contends

---

[3]Moreover, regardless of whether the Third Circuit follows the plurality or concurrence standards exclusively, or adopts the either/or approach of the First, Sixth, and Eighth Circuits, the Magistrate Judge's conclusion with respect to summary judgment in the instant action would be the same because she determined that CWA jurisdiction existed under *both* the plurality and concurrence standards.

that the Report and Recommendation erred in granting summary judgment under this standard because Defendant's declaration, which describes Defendant's personal observations about the flow of water on his property, created a material dispute of fact. (D.I. 147 at 6-7)

The Government responds that it presented more than enough evidence to establish CWA jurisdiction under the *Rapanos* plurality standard. (D.I. 149 at 5) The Government also contends that Defendant cannot avoid summary judgment on the basis of his declaration alone. (*Id.*) More specifically, the Government argues that the declaration contains inadmissible lay opinion testimony, and that the statements contained in it are not sufficiently specific to raise a genuine issue of material fact as to the "relative permanence" of the streams at issue or the existence of a "continuous surface connection" between the wetland and the streams. (*Id.* at 5-7)

Reviewing the Report and Recommendation *de novo*, the Court concludes that the Magistrate Judge did not err in concluding that no genuine issues of material fact exist as to whether the disputed wetlands are subject to CWA jurisdiction under the *Rapanos* plurality standard. As is set out in the Report and Recommendation, the Government propounded significant evidence establishing that the streams on Defendant's property are "relatively permanent." (*See* D.I. 146 at 9-11) Defendant purports to create a genuine issue of material fact as to the relative permanence of the streams through his four-page declaration, in which he summarily states that the streams are not permanent because the amount of water in them is dependent on rainfall, and that the channels can be completely dry during periods of no rain. (D.I. 141 Ex. A ¶ 14) Even when viewed in the light most favorable to Defendant, his declaration fails to create a genuine issue of material fact because it offers no evidence that a channel which is dry during periods without rainfall is not still a "relatively permanent" body of

water as defined in *Rapanos*. *See generally Rapanos*, 547 U.S. at 733 n.5 (emphasis in original) ("[w]e do not necessarily exclude *seasonal* rivers, which contain continuous flow during some months but no flow during dry months," from being considered relatively permanent bodies of water). Further, "[c]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 161 (3d Cir. 2009).

The Report and Recommendation also describes the evidence presented by the Government supporting the existence of a continuous surface connection between the wetlands and the streams on Defendant's property. (*See* D.I. 146 at 11-13) The single statement in Defendant's declaration that "the rainwater channels are clearly defined and easy to differentiate from the neighboring land" in periods of heavy rainfall (D.I. 141 Ex. A ¶ 24) does not create a genuine issue of material fact as to the existence of a continuous surface connection. Defendant's statement addresses the difficulty in differentiating where the water ends and the neighboring land begins, not where the water ends and the wetland begins, as is required by the standard. Moreover, Defendant offers no evidence concerning the difficulty in determining where the water ends and the wetlands begin in periods where there is no heavy rain.

Accordingly, the Court rejects Defendant's claims of error regarding the Magistrate Judge's determination under the *Rapanos* plurality standard.

### 4. Whether the Magistrate Judge Erred in Concluding that the Government Was Entitled to Summary Judgment Under the *Rapanos* Concurrence's Test

Under the *Rapanos* concurrence's test, wetlands are "navigable waters" subject to CWA jurisdiction "if the wetlands, either alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of other covered waters more readily understood as 'navigable.'" *Rapanos*, 547 U.S. at 780 (Kennedy, J., concurring). Defendant contends that the Report and Recommendation erred in granting summary judgment under this standard because the Magistrate Judge failed to consider whether the wetlands affected navigable water in the way required by this standard. (D.I. 147 at 7-8) Moreover, Defendant contends that the Report and Recommendation failed to address numerous arguments he raised demonstrating disputed factual issues. (*Id.* at 8-9)

In response, the Government contends that it is entitled to summary judgment under the *Rapanos* concurrence standard because it presented "undisputed evidence as to the chemical, physical, and biological linkages between the Donovan's wetlands and downstream traditional navigable waters." (D.I. 149 at 8) Additionally, the Government contends that Defendant presented no evidence as to CWA jurisdiction under the *Rapanos* concurrence standard, and that a genuine issue of material fact does not exist merely based on arguments made by Defendant's counsel. (*Id.* at 9)

Reviewing the Report and Recommendation *de novo*, the Court concludes that the Magistrate Judge did not err in concluding that no genuine issues of material fact exist as to whether the disputed wetlands are subject to CWA jurisdiction under the *Rapanos* concurrence standard. The Court is satisfied that the Government's evidence, as reviewed by the Magistrate

Judge in her Report and Recommendation (D.I. 146 at 13-18), establishes that the wetlands at issue have a significant nexus with navigable waters. In opposing summary judgment and raising objections to the Report and Recommendation, Defendant largely relies on arguments by counsel concerning alleged deficiencies with the Government's evidence, but puts forth no evidence of his own. Legal arguments are not evidence, and Defendant has failed to come forward with specific facts showing a genuine issue for trial. Accordingly, the Court rejects Defendant's claims of error regarding the Magistrate Judge's determination under the *Rapanos* concurrence standard.

B.  **Defendant's Motion for Judgment on the Pleadings**

In his Motion for Judgment on the Pleadings, Defendant contends again that the Magistrate Judge should have followed *Rappa*, should have recognized that *Rapanos* provides no governing standard, and should then have reviewed pre-*Rapanos* case law. (D.I. 147 at 9) According to Defendant, *U.S. v. Riverside Bayview Homes, Inc.*, 474 U.S. 121 (1985), and *Solid Waste Agency of N. Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159 (2000), establish that the Government can only claim CWA jurisdiction over waters (including wetlands) that are adjacent to navigable-in-fact waters. (*Id.*) Because the Government did not allege that Defendant's wetlands are adjacent to navigable-in-fact waters, Defendant contends that it is entitled to judgment on the pleadings. (*Id.* at 10) The Government disputes that pre-*Rapanos* case law provides the governing standard in the instant action. (D.I. 149 at 10) Further, the Government argues that the Magistrate Judge properly recommended denying Defendants' Motion because the Government's allegations were sufficient to state a claim for relief under the CWA. (*Id.*)

11

Reviewing the Report and Recommendation *de novo*, the Court concludes that the Magistrate Judge did not err in concluding that Defendant's Motion for Judgment on the Pleadings should be denied. As discussed above, the Court declines to find that *Rapanos* provides no governing standard whatsoever. In addition, the Government's Complaint contains sufficient factual allegations to state a claim that is plausible on its face, and to put Defendant on notice of the claim against it. (*See* D.I. 1) Specifically, the Government pled enough factual matter to suggest that the wetlands at issue fall within CWA jurisdiction. (*Id.* ¶¶ 7-8)

Accordingly, the Court rejects Defendant's claims of error regarding the Magistrate Judge's determination on Defendant's Motion for Judgment on the Pleadings.

## IV.  CONCLUSION

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (D.I. 146) is **ADOPTED**;

2. The Government's Motion For Summary Judgment (D.I. 134) is **GRANTED**;

3. Defendant's Motion For Judgment On The Pleadings (D.I. 137) is **DENIED**.

Dated: September 10, 2010

_____
The Honorable Leonard P. Stark
UNITED STATES DISTRICT JUDGE